**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arnulfo Ricardo MARTINEZ,**
**Defendant–Appellant.**

No. 07–30132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 2008.

Filed Feb. 29, 2008.

James P. Hagarty, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM *

■ The warrant to search Martinez's storage unit was valid. The magistrate had a substantial basis for finding probable cause and there was a reasonable nexus between the activities supporting probable cause and the location to be searched.[1] The valid warrant was based on Martinez's two controlled buys of narcotics, a search of Martinez's home and person that uncovered narcotics and receipts for a storage unit in his name, and an experienced detective's opinion that the storage unit would have more drugs, contraband, and money (we need not and do not imply that special expertise would be required to find a likelihood of narcotics in the storage unit of a narcotics seller who had narcotics in his house).

■ The district court abused its discretion by denying Martinez's request to fire his retained counsel without further inquiry into his request. The first time Martinez brought up the issue, the judge encouraged him and his lawyer to work out the problem, and the second time the judge did not inquire and make findings.

---

1. *United States v. Ocampo,* 937 F.2d 485, 490 (9th Cir.1991).

Indeed, the court apparently did not rule on the motion, assuming that it had ruled on the motion at the prior hearing. Without a definitive ruling, however, including a statement of the reasons for the ruling, we are unable effectively to review Martinez's claim of Sixth Amendment error.[2]

AFFIRM in part, VACATE the sentence and REMAND to the district court to engage in a proper inquiry into Martinez's motion and for resentencing.

---

2. *See United States v. Gonzalez–Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 2561–63, 165 L.Ed.2d 409 (2006).